Moises L. SAMORA, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–81–0010–CR.

Court of Appeals of Texas,
Tyler.

Aug. 20, 1982.

Discretionary Review
Denied Nov. 17, 1982.

Robert W. Lee, Tyler, for appellant.

Hunter B. Brush, Dist. Atty., Tyler, for appellee.

Before SUMMERS, C.J., and McKAY and RAMEY, JJ.

SUMMERS, Chief Justice.

The defendant pleaded not guilty to the charge of burglary of a habitation. After a trial by jury, he was found guilty under the habitual criminal statute (Tex.Penal Code art. 12.42(d)) and sentenced to life imprisonment at the Texas Department of Corrections.

We affirm.

Appellant brings three grounds of error. Appellant's first ground contends that the trial court erred in failing to grant his motion to quash the indictment.

The indictment reads, in part, as follows: "Moises L. Samora did then and there intentionally and knowingly enter a habitation, without the effective consent of Mrs. W. Sherrill Little, the owner, and with the intent to commit theft . . . ."

It is appellant's position that the indictment did not allege who owned the habitation; that there is only an inference that Mrs. W. Sherrill Little is the owner; and that to be clear the word "owner" should have been followed by the word "thereof." We do not agree. We believe that the indictment clearly alleges Mrs. W. Sherrill Little as the owner of the habitation. Since ownership of the burglarized property is not left to inference, the case of *Lucero v. State,* 502 S.W.2d 128 (Tex.Cr. App.1973), cited by appellant, does not support his contention. Appellant's first ground of error is overruled.

In appellant's second ground of error, he complains that the trial court erred in failing to dismiss the case under Article 32A.02, V.A.C.C.P., known as the Speedy Trial Act.

Article 32A.02, § 1(1), *supra,* provides:

Section 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:

(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony.

The record reflects the following chronology of events prior to appellant's trial: (1) the appellant was arrested on August 7, 1980; (2) shortly thereafter, appellant's hired counsel made application for an examining trial and requested State's attorney to refrain from presenting the case to the grand jury until after the examining trial was held; (3) an examining trial was set for August 19, 1980, postponed and rescheduled by the court for September 2, 1980, at which time some evidence was heard and then the hearing was recessed and concluded on September 10, 1980, with the appellant being bound over for grand jury action; (4) the appellant was indicted on October 16, 1980; (5) the State filed a written announcement of ready on October 28, 1980, according to court's docket sheet entry and testimony of State's attorney; (6) on November 16, 1980, pursuant to trial court's instruction, the court's probation officer interviewed appellant to ascertain whether he needed or desired a court appointed attorney, that appellant refused to sign the indigency affidavit and stated he did not want a lawyer appointed by the court; (7) the case was set on the court's trial docket for December 1, 1980, and on that date, although the appellant was in jail, the State again announced ready for trial, as shown by the court's docket entry and testimony of State's attorney; (8) on December 16, 1980, appellant signed an indigency affidavit, the court appointed counsel to represent him and appellant was served with copy of the indictment; (9) on January 23, 1981, appellant's first appointed counsel filed a motion to withdraw based on appellant's failure to cooperate; (10) at a hearing on January 26, 1981, the court granted the motion of appellant's counsel to withdraw, State again announced ready and court continued the case to February 2, 1981; (11) on February 2, 1981, the trial judge brought appellant before the court, appointed new trial counsel for the appellant and reset the case for trial on February 16, 1981; (12) on February 4, 1981, appellant filed his motion to dismiss the indictment alleging a failure of the State to comply with the Speedy Trial Act; (13) at a pretrial hearing on February 16, 1981, the court heard appellant's motion to dismiss as well as his motion for continuance, overruled both motions, and the trial commenced with jury selection on February 17, 1981.

Appellant contends that since he was not served with a copy of the indictment until December 16, 1980, the State could not legally ready prior to that time, that it is the State's duty to make sure that all formalities of the case (such as issuance and service of a copy of the indictment) be done in order to allow them to be ready, and that when the indictment was served on the appellant on December 16, 1980, the 120 days following arrest had already expired.

In *Barbee v. State,* 432 S.W.2d 78 (Tex. Cr.App.1968), the court held that computation of times provided in the Code of Criminal Procedure was controlled by the provisions of Article 5429b–2, § 2.04(a), (b), V.A. C.S. (Code Construction Act), which provides:

(a) In computing a period of days, the first day is excluded and the last day is included.

(b) If the last day of any period is a Saturday, Sunday or legal holiday, the period is extended to include the next day which is not a Saturday, Sunday, or legal holiday.

Thus, in computing the 120 days in this case, we must exclude August 7, 1980. The 120 days would have elapsed on November 29, 1980. Since that date was a Saturday, the 120 days would not have run against the State until Monday, December 1, 1980.

Moreover, we must look to see if the evidence shows the State was ready for trial between August 8, 1980, and December 1, 1980. Whether the State is "ready" refers to the preparedness of the prosecution for trial and does not encompass the trial court and its docket. *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App.1979).

A timely announcement of "ready" is a prima facie showing that the State is "ready for trial" as the statute requires, and such a prima facie showing may be made at the hearing on the motion to set aside the indictment by a declaration that it was ready and had been ready within the statutory time limit. *Barfield v. State, supra.* When this is done the burden shifts to the defense to show otherwise. *Scott v. State,* 634 S.W.2d 853 (Tex.Cr.App.1982); see *Callaway v. State,* 594 S.W.2d 440 (Tex. Cr.App.1980); *Fraire v. State,* 588 S.W.2d 789 (Tex.Cr.App.1979).

In the instant case, the prosecuting attorney, at the hearing on the motion to dismiss, testified that he was ready to try the case then and had been ready to try the case ever since the indictment was returned on October 16, 1980; that prior to December 1, 1980, he had on October 28, 1980, filed a written announcement of ready for trial with the trial court and again had announced ready for trial on December 1, 1980, as well as all times subsequent thereto. No evidence was elicited to rebut this testimony of readiness. This being the case, we hold the requirements of the Speedy Trial Act were fulfilled and the State was shown to be ready for trial within the statutory 120 days after arrest. Appellant's second ground of error is overruled.

Appellant next complains in his third point of error that the trial court erred in allowing the State's attorney during jury argument to state his opinion concerning the testimony of the witness Jack Brazil and in allowing the State's attorney to bolster the testimony of Mrs. Little.

Appellant contends that over his objection the court permitted the prosecutor to express an opinion as to the credence to be given Jack Brazil's testimony and to state "I didn't see any evidence on cross-examination or on direct examination of Mrs. Little that would show she had any doubt whatsoever as about who she saw in her home." Appellant contends that in each instance the prosecutor's statement of his personal opinion invaded the province of the jury and was so harmful as to require a reversal of this cause. We do not agree.

The prosecutor's statements regarding Mr. Brazil's testimony shows that it was part of his analysis of the evidence and reasonable deductions therefrom. *Collins v. State,* 548 S.W.2d 368 (Tex.Cr.App.1976); *Sikes v. State,* 500 S.W.2d 650 (Tex.Cr.App. 1973).

The argument regarding Mrs. Little's testimony did not involve the prosecutor's opinion as to what the evidence proved, but rather was a statement reviewing what evidence had been elicited. As a summation of the evidence, it was proper jury argument. *Alejandro v. State,* 493 S.W.2d 230 (Tex.Cr.App.1973). Appellant's third ground of error is overruled.

We have also reviewed appellant's pro se supplemental brief and find no complaint with merit stated therein.

The judgment of the trial court is affirmed.