Carl Vernon **PHILLIPS**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–81–196–CR.

Court of Appeals of Texas, Fort Worth.

Sept. 22, 1982.

Mark Greer, Fort Worth, for appellants.

Tim Curry, Dist. Atty., and C. Chris Marshall, Asst. Dist. Atty., Fort Worth, for appellees.

Before SPURLOCK, HUGHES and HOLMAN, JJ.

OPINION

HOLMAN, Justice.

Appeal is taken from conviction for burglary of a building. V.T.C.A. Penal Code, § 30.02. The punishment, enhanced by two prior felony convictions and assessed by the jury, is imprisonment for life.

We affirm.

Appellant complains that (1) he did not receive a speedy trial; (2) enhancement counts were added to the indictment as retaliation for his motion to quash; and (3) an oral statement that he made while under arrest was allowed in evidence.

Appellant has filed a pro se brief in addition to the brief filed by his counsel. Since there is no right to hybrid representation, the pro se brief presents nothing for review. *Landers v. State*, 550 S.W.2d 272 (Tex.Cr.App.1977).

Appellant was arrested on August 28, 1980, for burglary of a building. A defendant accused of a felony offense is entitled to be tried within 120 days of the commencement of the criminal action. V.A.C.C.P. art. 32A.02, § 1(1).

The right to a speedy trial is guaranteed by the Sixth Amendment to the Constitution of the United States under the Fourteenth Amendment's due process clause. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). In Texas, the statutory right to speedy trial is in V.A.C.C.P. art. 32A.02.

The date of the original indictment is September 23, 1980. The State announced ready for trial on September 29, 1980, Octo-

ber 30, 1980, November 10, 1980 and December 18, 1980. Appellant did not challenge any of the State's announcements of ready.

On January 5, 1981, appellant filed a motion to set aside the indictment on the ground that it failed to inform him of the type of ownership of the building in question, a requirement imposed by a panel decision of the Court of Criminal Appeals on December 17, 1980 in *Thomas v. State,* 621 S.W.2d 158 (Tex.Cr.App.1981). The Court of Criminal Appeals subsequently sat en banc on rehearing, July 1, 1981, and overruled the panel's requirement. The State's original indictment was valid under the en banc decision.

The record contains no ruling on appellant's motion to quash. However, between the Court of Criminal Appeals panel decision and the en banc rehearing, the State reindicted appellant on February 3, 1981 and added allegations as to ownership and two enhancement counts. The State announced ready for trial on the new indictment February 5, 1981 and February 17, 1981. Trial began February 18.

■ The evidence is that within 120 days of appellant's arrest, and through February 18, 1981, the State was ready to try appellant for the offense of burglary of a building. In the bifurcated system of trial in Texas, the enhancement counts of an indictment only go to the determination of punishment and not to the offense charged.

■ We conclude that the requirement that the State be "ready for trial", in the context of the Speedy Trial Act, means the State must be ready to try the accused for the offense charged. Readiness on enhancement counts is not an essential element of readiness for trial of that offense.

■ In the case at bar, delay in trial was justified by the exceptional circumstance of the Court of Criminal Appeals panel decision in *Thomas, supra,* which had an interlocutory impact on indictments for the offense of burglary of a building. Delays justified by exceptional circumstances are excluded from the time limitations of

the Speedy Trial Act. V.A.C.C.P. art. 32A.02, § 4(10).

Appellant's first ground of error is overruled.

■ In his second ground, appellant complains that the enhancement counts were added in retaliation for his motion to quash.

During the pre-trial hearing, the prosecutor testified that the enhancement counts were not a direct result of appellant's motion to quash. He testified that the original computer reports failed to show appellant's prior conviction and it was not until November 1980, that the computer printout from the Texas Department of Public Safety disclosed appellant's prior conviction.

The prosecutor further testified:

Once the motion to quash was filed I felt that I had to file a new indictment meeting the standards of *Thomas v. State.* At that time I had ordered the penitentiary packs prior to December 24th in preparation for trial on January 5, 1981. On January 5, 1981, you filed your motion to quash ... At that time, the State, looking at the law, went back to the Grand Jury to reindict it. At the same time we had received the penitentiary packs in the early part of that week, January 5th, and we placed the enhancement counts for the prior convictions into this new indictment.

The record reflects that the reindictment and added enhancement allegations were the result of the *Thomas* panel decision of December 17, 1980, and the delays experienced in the receipt of penitentiary packets. There is no evidence that the enhancement counts were added in retaliation for appellant's motion to quash.

The second ground of error is overruled.

■ In his third ground, appellant argues that the trial court erred in admitting testimony about the oral statement he made while under arrest.

The evidence is that (1) the arresting officer searched appellant for weapons at the scene, and (2) not more than ten seconds elapsed between the time appellant was

searched and the time he turned around and told the officer that "The rest of the stuff is on the roof."

During a hearing outside the presence of the jury, appellant's attorney conducted the following examination:

[Defense Counsel]:

Officer Pricer, I believe that just before the jury left here you stated that he said something to you?

Officer Pricer:

Yes, sir.

[Defense Counsel]:

All right. Could you tell us what he said?

Officer Pricer:

He stated that the rest of the stuff was on the roof.

[Defense Counsel]:

Now, he said, "The rest of the stuff is on the roof."?

Officer Pricer:

That's correct.

[Defense Counsel]:

*Had you asked him any questions?*

Officer Pricer:

*No, sir, I had not.*

[Defense Counsel]:

Had you informed him of his Constitutional rights?

Officer Pricer:

Not at that point, no, sir.

[Defense Counsel]:

Had you told him he was under arrest?

Officer Pricer:

Not at that point.

[Defense Counsel]:

Was he free to leave?

Officer Pricer:

No, sir, he was not.

[Defense Counsel]:

After you had him handcuffed?

Officer Pricer:

That's correct.

[Defense Counsel]:

Did he say anything further to you?

Officer Pricer:

After I read him his Constitutional rights, not before.

[Defense Counsel]:

So, between the time that you placed the handcuffs on him and the time that you read him his rights the only thing he said to you was, "The rest of the stuff is on the roof."?

The State relies upon the principle of *res gestae* as justification for the admissibility of the testimony. We agree. In *Smith v. State,* 514 S.W.2d 749, 752 (Tex.Cr.App. 1974), the scenario for *res gestae* was reviewed as follows:

There must have been an exciting, emotionally stimulating or physically painful event, the admission or assertion must have been made so soon after the occurrence that the declarant is still in the emotional grip of the shocking event, and the assertion must relate to the event before evidence can be admitted under this exception.

In the instant case, appellant's statement was made while he was still in the emotional grip of having jumped off the roof and having been apprehended immediately. The evidence is that his statement was blurted out in the spontaneity of the arrest. We hold that the statement is admissible as *res gestae* of the arrest.

■ Because appellant's statement was made immediately upon his apprehension and not during custodial interrogation, neither *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) nor V.A.C. C.P. art. 38.22 would render the statement inadmissible. *May v. State,* 618 S.W.2d 333 (Tex.Cr.App.1981).

The third ground of error is overruled.

Judgment is affirmed.