Carl Vernon PHILLIPS, Appellant,

v.

The STATE of Texas, Appellee.

No. 900–82.

Court of Criminal Appeals of Texas, En Banc.

Jan. 12, 1983.

Mark L. Greer, Fort Worth, for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall and Don Hase, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

Appeal is taken from a conviction for burglary of a building. Punishment, enhanced by two prior felony convictions, was assessed at life. The Court of Appeals affirmed Appellant's conviction. *Phillips v. State,* 639 S.W.2d 501 (Tex.App.—Ft. Worth, 1982). No motion for rehearing was filed.

In his petition for discretionary review, Appellant urges that the Court erred in failing to grant his motion to set aside the indictment on the basis of a violation of the Speedy Trial Act. Art. 32A.02, V.A.C.C.P. In rejecting this contention, the Court of Appeals stated in part:

"... delay in trial was justified by the exceptional circumstance of the Court of Criminal Appeals panel decision in *Thomas, supra,* which had an interlocutory impact on indictments for the offense of burglary of a building. Delays justified by exceptional circumstances are excluded from the time limitations of the Speedy Trial Act."

Initially, we reject the conclusion by the Court of Appeals that the panel opinion by this Court in *Thomas v. State,* 621 S.W.2d 158 (Tex.Cr.App.1981), constituted an "exceptional circumstance." Such opinion was never final and never part of the jurisprudence of this State. See *Komurke v. State,* 562 S.W.2d 230 (Tex.Cr. App.1978). Further, the Court of Appeals erred in considering a "delay in trial." The Act addresses itself to prosecutorial delay rather than the judicial process as a whole. *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr. App.1979). The Act does not make it mandatory that a case be tried within the allowed period of time. *Ostoja v. State,* 631 S.W.2d 165 (Tex.Cr.App.1982).

In his petition for discretionary review, Appellant further urges that when he was reindicted, enhancement paragraphs were added to the indictment in retaliation for a motion to quash which had been previously filed. The Court of Appeals rejected this contention after noting that there was "no evidence that the enhancement counts were added in retaliation for Appellant's motion to quash." We find that the Court of Appeals properly concluded that Appellant failed to present evidence of such alleged retaliation. However, we call the Court's attention to the fact that allegations as to prior convictions do not constitute "counts" in an indictment. See *Hathorne v. State,* 459 S.W.2d 826 (Tex.Cr.App. 1970); *Beck v. State,* 420 S.W.2d 725 (Tex. Cr.App.1967).

Nonetheless, we find that the Court of Appeals reached the proper result in affirming Appellant's conviction. Therefore, Appellant's petition for discretionary review is refused.

IT IS SO ORDERED this the 12th day of January, 1983.