**Rudolfo YBARBO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00450–CR.**

Court of Appeals of Texas, San Antonio.

Sept. 28, 1983.

---

Gerald H. Goldstein, San Antonio, for appellant.

Bill White, Dist. Atty., Julie Pollock, Asst. Dist. Atty., San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and REEVES, JJ.

## OPINION

CADENA, Chief Justice.

This is an appeal from a conviction for burglary. After a jury trial, punishment was assessed by the court at life imprisonment, pursuant to the habitual felon statute, TEX.PENAL CODE ANN. § 12.42(d) (Vernon 1981). We reverse.

On appeal this court has reviewed four points of error alleging deprivation of appellant's right to a speedy trial, insufficient evidence to support enhancement, and a fatal variance between the indictment and jury charge. We find no error on the grounds of insufficiency of evidence or enhancement, but reverse the conviction obtained in violation of appellant's right to a speedy trial under TEX.CODE CRIM. PROC.ANN. art. 32A.02 (Vernon Supp. 1982–1983).

On June 11, 1980, the appellant was arrested and charged with re-arrested for a federal parole violation on July 21, 1980. He remained in custody, in the Bexar County Jail, from July 21, 1980 until August 18, 1980, when he was transferred to the La Tuna Federal Correctional Institution in New Mexico. Two arraignment hearings were scheduled while the appellant was in custody. The first was held on August 15, 1980. At that time, when appellant was in custody at the Bexar County Jail, the State announced ready, but had not secured the presence of appellant at the hearing, even though an indictment and warrant for the charged offense had been served on him four days earlier, in the jail. The second arraignment hearing was held August 29, 1980, after appellant's transfer from the Bexar County Jail to the La Tuna Federal Correctional Institution in New Mexico. Again the State announced ready, even though they had not at that time attempted to locate the appellant.

The appellant remained in custody at La Tuna from August 18, 1980, until May 5, 1981. He was not located by the State until January of 1981, and was not arraigned, and present at the arraignment, until May 15, 1981, eleven months after his arrest and charge for burglary. Subsequent to the arraignment, a motion to dismiss for failure to provide a speedy trial was filed, heard, and overruled. Trial on the merits was had in October of 1981, and appellant was convicted of burglary.

The appellant asserts that he was denied a speedy trial as required by the Texas speedy trial statute, TEX.CODE CRIM. PROC.ANN. art. 32A.02, which dictates that the trial court grant a motion to set aside an indictment if the State is not ready for trial within 120 days of the commencement of a felony action. This action commenced on June 11, 1980, and the State first secured the presence of appellant on May 15, 1981, eleven months after commencement. No delay can be attributed to

the appellant under any exception to Article 32A.02, Section 4(4). TEX.CODE CRIM. PROC.ANN. art. 32A.02, § 4(4) (Vernon Supp.1982–1983). Appellant asserts that since he was in custody first in the Bexar County Jail, and then transferred to the La Tuna Federal Correctional Institution, he could have been present at either arraignment scheduled within the 120 day statutory period, had the State attempted to secure his presence in court. Although the State announced ready at both arraignment hearings held within the prescribed 120 days after commencement of the action, appellant argues that the State could not possibly have been factually ready for trial if they had not exercised due diligence in securing his presence for arraignment.

 The State's position that the presence of a criminal defendant in the county jail, rather than his presence in the court room at the time of arraignment before the expiration of 120 days after commencement, will suffice to substantiate factual readiness on the part of the State, is inconsistent with recent decisions by the Court of Criminal Appeals. In *Lyles v. State,* 653 S.W.2d 775 (Tex.Cr.App.1983), the Court held that the presence of a defendant was a readiness burden which fell upon the State, and that a defendant's absence does not toll the applicable time period under the Speedy Trial Act when prosecutors have not discharged their burden by the exercise of due diligence in procuring a defendant's presence. The State must discharge its burden of proof under section 4(4) of the Speedy Trial Act by offering evidence that the defendant's location is unknown, and that due diligence has been exercised in locating defendant to procure his attendance at trial. TEX.CODE CRIM.PROC.ANN. art. 32A.02, § 4 (Vernon Supp.1982–1983). Absence of a defendant effectively rebuts the State's *prima facie* showing of readiness in compliance with the Speedy Trial Act. *Newton v. State,* 641 S.W.2d 530 (Tex.Cr. App.1982). Except for the specific statutory exclusions stated in Sections 4(4), (5) and (9), of Article 32A.02, absence of a defendant does not toll the statute, and therefore prevents the State from being ready within

the meaning of the Statute. *Newton v. State,* 641 S.W.2d 530 (Tex.Cr.App.1982).

 In the case at bar it is apparent that reasonable efforts by the State could have apprised them of the appellant's location in custody, and he could have been brought to the trial court for arraignment within the 120 days specified by the Speedy Trial Act. We find appellant's arguments persuasive. The Speedy Trial Act requires more than a written or oral announcement of ready by the State. There must be a factual possibility of proceeding immediately to trial as well as the announcement. If an appellant can demonstrate that it was factually impossible for the State to be ready for trial at the time of the announcement of ready, then he has refuted the presumption of readiness raised by the State's timely announcement.

The judgment of the trial court is reversed and the cause is remanded to the trial court with instructions that the indictment be dismissed.