Jack Andrew **BEZOTTE**, Appellant,

v.

The **STATE** of Texas, State.

Nos. 2–85–234–CR to 2–85–236–CR.

Court of Appeals of Texas,
Fort Worth.

May 28, 1986.

Ward Casey, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., and Delonia A. Watson, Asst. Dist. Atty., Fort Worth, for the State.

Before FENDER, C.J., and HILL and HOPKINS, JJ.

## OPINION

HILL, Justice.

Jack Andrew Bezotte appeals from his conviction for the offense of aggravated robbery with a deadly weapon, burglary of a habitation, and theft of property of the value of $750 or more but less than $20,000, upon his pleas of guilty to the trial court, upon a plea bargain, with the agreement that he could appeal on the issue of his claimed violation of the Texas Speedy Trial Act, TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1986). The court assessed his punishment at twenty-five years, ten years, and ten years, respectively, with the sentences to be served concurrently.

We affirm, because we find that the trial court did not err in finding that the State was ready to proceed to trial within the time required by the Speedy Trial Act.

In his sole ground of error, Bezotte urges that the trial court erred in denying his motion to set aside his indictment pursuant to the Texas Speedy Trial Act.

A timely announcement of "ready" is a prima facie showing of the State's readiness for trial as required by

the Speedy Trial Act. *See Phillips v. State*, 659 S.W.2d 415, 419 (Tex.Crim.App. 1983). When the State announces readiness for trial during the statutory time period applicable to the case, the burden shifts to the defendant to rebut the prima facie showing by producing evidence of the State's unpreparedness for trial. *Smith v. State*, 659 S.W.2d 828, 830 (Tex.Crim.App. 1983). If the applicable statutory time period has expired and the accused invokes the Act, the State must demonstrate both that it was then ready and had been ready for trial at all times within the statutory period, or the State must establish that sufficient periods of time were excludable under the Act in order to bring its announcement of readiness within the statutory period. *Id.*

The Speedy Trial Act addresses itself to prosecutorial delay and not to delay resulting from the congestion of the trial court's dockets or the judicial process as a whole. *See Phillips v. State*, 651 S.W.2d 745, 746 (Tex.Crim.App.1983); *Barfield v. State*, 586 S.W.2d 538, 540 (Tex.Crim.App.1979).

It is undisputed that the State announced ready for trial within the statutory time period. The only effort that Bezotte makes to rebut the presumption that the State was ready for trial was to show that he was not brought from the Tarrant County Jail to the courtroom for pretrial settings. He relies on the authority of *Ybarbo v. State*, 659 S.W.2d 898 (Tex.App.—San Antonio 1983, no pet.). We respectfully disagree with the holding of the court in *Ybarbo* and hold that the mere showing by a defendant that he was present in the county jail but was not physically brought into the courtroom is insufficient by itself to rebut the presumption that the State was ready for trial. We overrule the sole ground of error.

The judgment is affirmed.