**George Francis VERTZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–85–219 CR.**

Court of Appeals of Texas,
Beaumont.

June 18, 1986.

Ronald Plessala, Provost, Umphrey, Swearingen & Eddins, Port Arthur, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

OPINION

BURGESS, Justice.

George Francis Vertz waived trial by jury and plead guilty to aggravated assault. As a result of an agreed recommendation, the court assessed punishment at five years confinement in the Texas Department of Corrections (to run concurrent with two other convictions) and allowed appellant to appeal the denying of a motion to set aside the indictment pursuant to *TEX.CRIM.CODE.PROC.ANN. art. 32A.02* (Vernon Supp.1986).

Consequently, appellant brings forth a single ground of error alleging the state was not ready for trial within 120 days of arrest. Appellant was arrested on April 25, 1985. At that time he was incarcerated in the City Jail of Beaumont, Texas. Appellant was indicted on May 16, 1985. On May 23, 1985, appellant was transferred from the city jail to the Jefferson County Jail. It was stipulated by the parties that the state announced ready on June 17, 1985, and that appellant had not been served a copy of the indictment nor arraigned prior to the trial on September 23, 1985.

Appellant contends the state could not have been factually or legally ready for trial within 120 days of his arrest since he had not been served with a copy of the indictment nor arraigned. As to the claim of the state not having been factually ready, the announcement of ready created a prima facie showing of readiness. *Barfield v. State,* 586 S.W.2d 538 (Tex.Crim. App.1979). Appellant produced no evidence to rebut this factual readiness. The question remains concerning the legal readiness of the state. *Samora v. State,* 642 S.W.2d 817 (Tex.App.—Tyler 1982, pet. ref'd), held that a failure to serve the indictment within the 120 days did not rebut the state's prima facie case. Furthermore, *TEX.CODE CRIM.PROC.ANN. art. 25.01* (Vernon 1966), requires the clerk of the court to deliver a copy of the indictment to

the sheriff for service. Clearly, this is not a function of the prosecution, but of the court. Similarly, the requirements that an arraignment be held, *TEX.CODE CRIM. PROC.ANN. art. 26.01* (Vernon 1966), and that no arraignment take place until the indictment has been served at least two days, *TEX.CODE CRIM.PROC.ANN. art. 26.03* (Vernon 1966) are clearly requirements dealing with the docket of the court. Article 32A.02 refers to the preparedness of the state for trial and does not emcompass the trial court and its docket, *Barfield, supra.*

Appellant relies upon *Lyles v. State,* 653 S.W.2d 775 (Tex.Crim.App.1983) and *Ybarbo v. State,* 659 S.W.2d 898 (Tex.App.—San Antonio 1983, no pet.). We find neither of these cases persuasive in this fact situation. Standing alone, the stipulated facts that appellant was neither served with the indictment nor arraigned within the 120 day period are insufficient to overcome the state's announcement of ready within the 120 day period. The ground of error is overruled. The judgment of the trial court is affirmed.

AFFIRMED.