**W.L. GRAVES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–85–256 CR.**

Court of Appeals of Texas, Beaumont.

June 25, 1986.

Hugh O'Fiel, Beaumont, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

OPINION

BURGESS, Justice.

W.L. Graves was convicted, by a jury, of the offense of murder. The jury then assessed his punishment at ninety-nine years

in the Texas Department of Corrections. His court-appointed attorney urges four grounds of error in his brief and, an additional ground of error in a supplemental brief. Appellant has supplemented his counsel's brief and urged an additional fifteen grounds of error in a pro se brief.

We will first consider the grounds of error in counsel's initial brief. Ground of error number one alleges the trial court erred in denying appellant's motion to dismiss under *TEX.CODE CRIM.PROC.ANN. art. 32A.02* (Vernon Supp.1986). Appellant was arrested on May 8, 1985, and remained continuously in custody until his trial November 4, 1985. Appellant further contended he had not been in court during that 181 day period. The state had filed an announcement of ready within the 120 day period. This established a prima facie showing of ready. Appellant produced no evidence to rebut the prima facie showing. Appellant can take no solace in the fact that he was not arraigned before the court during the 120 day period[1] since the requirement that an arraignment be held, *TEX.CODE CRIM.PROC.ANN. art. 26.01* (Vernon 1966) are requirements of the court's docket. *Vertz v. State,* 712 S.W.2d 626 (Tex.App.—Beaumont, 1986, no pet.), Article 32A.02, refers to the preparedness of the state and does not encompass the trial court and its docket. *Barfield v. State,* 586 S.W.2d 538 (Tex.Crim.App.1979). The first ground of error is overruled.

Grounds of error numbers two and three allege the trial court erred in admitting a "dying declaration" because the state failed to lay a proper predicate and the trial court erred in denying a requested jury charge on dying declaration. The relevant portion of the testimony is:

"Q Okay. Once the weapon was secured and Mr. Graves was under arrest, what did you do, then?

"A We immediately dispatched for Emergency Medical Service; however, Holves—correction, Diamond Ambulance was already in route. They had heard the radio dispatch go out and they had arrived just moments after I requested—and they immediately treated the victim with emergency medical service.

"Q Okay. Did you observe at that time whether or not the victim was talking to an ambulance attendant?

"A Yes, sir. The emergency staff were speaking with her, trying to calm her and she was—I could hear how she was screaming to them how much pain she was in.

"Q And they were there within just a matter of minutes of your arrival there?

"A That's correct.

"Q So, I guess, in your opinion, the shooting had just occurred before you arrived and before the ambulance attendant arrived?

"A Yes, sir.

"Q You say she appeared to be in a great deal of pain.

Did she say anything that indicated she was in pain?

"A Yes, sir. She clearly indicated that she was in pain, that she hurt and she wanted them to stop the pain. She pleaded with them not to let her die.

"[DEFENSE COUNSEL]: I'm going to object to anything she said as being hearsay.

"THE COURT: What's your response.

"[PROSECUTOR]: Your Honor, it is our contention that anything she's saying about physical condition is present sense impression at this time. It's, also, res gestae to the offense.

"THE COURT: Overruled.

"Q Go ahead. She was pleading with him?

"A Yes, sir. As I was saying, she exhibited—she was suffering from excruciating pain.

"[DEFENSE COUNSEL]: I'm going to object to this testimony on further ground. If there's going to be allowed,

---

1. While the failure of arraignment within the 120 day period is not grounds for a dismissal under Article 32A.02, the recommended practice is to have an arraignment within the time period and prior to trial.

what she had to say, I would like to hear the specific words other than an opinion about excruciating pain.

"THE COURT: All right. You will have the right to cross-examine. Go ahead.

"[DEFENSE COUNSEL]: Thank you, Your Honor.

"Q To try to clear that up a little bit, Officer Conner, could you tell from just looking at her that she was hurt?

"A Yes, sir.

"Q Could you also tell from what she was saying?

"A Yes, sir.

"Q Okay. What was it that she was saying that indicated she was in pain?

"A She said, 'It hurts so bad. Please give me something to make it stop.'

"Q Okay. At that time did you approach the victim?

"A Yes, sir. The Emergency Medical Service was attempting to stabilize—and I walked over, since she was communicating with them, and I immediately questioned her. That's the answer.

"Q What did you ask her?

"A I asked her who shot her.

"Q Did she tell you?

"A Yes, she did.

"Q What did she say?

"A She screamed at me—

"[DEFENSE COUNSEL]: Your Honor, I'm going to object to the answer to that question until the proper predicate is laid as to the dying declaration, which I feel the exception—they are trying to get the statement in under the Hearsay Rule.

"[PROSECUTOR]: No, Your Honor—

"THE COURT: Tell me—

"[PROSECUTOR]: —it is not offered as a dying declaration, but is offered as res gestae to the shooting.

"THE COURT: Overruled, [DEFENSE COUNSEL].

"Q What did she tell you?

"A She screamed at me that 'Sonny Graves—W.L. Graves shot me."

"Q Were those her exact words?

"A Yes, sir.

"Q Did she say anything else?

"A She paused a moment, and then she said, again, 'Sonny Graves shot me.'

"Q Okay.

"[DEFENSE COUNSEL]: RENEW my objection, as it being admissible (sic) as hearsay, and the proper predicate has not been laid for it.

"THE COURT: Overruled. Your objection will run to all the testimony.

"[DEFENSE COUNSEL]: Further ask that the jury be instructed to disregard his answer.

"THE COURT: That's denied.

"[DEFENSE COUNSEL]: We further ask for a mistrial.

"THE COURT: That's, also, denied."

It is clear the offer of the statement was not as a dying declaration, but as "res gestae" or a "spontaneous statement". *Martinez v. State,* 533 S.W.2d 20, 22 (Tex. Crim.App.1976) explains the law in this regard:

"... Declarations relating to the circumstances of a violent crime, made by the victim shortly after its occurrence, are sometimes admitted in evidence as exceptions to the hearsay rule, upon the theory that the shock of the injury and the excitement of the moment have produced an utterance that is spontaneous and sincere as distinguished from one engendered by deliberation and design. Such statements may be admissible even when made in response to an inquiry or after an appreciable time has elapsed between the infliction of the injury and the making of the statement. The decisive factor is that the circumstances reasonably justify the conclusion that the remarks were not made under the impetus of reflection. Whether this conclusion is justified depends upon the facts of each case and must be determined by the trial court in the exercise of sound judicial discretion. *United States v. Glenn,* 154 U.S.App. D.C. 61, 473 F.2d 191 (1972)."

The statements of the victim were admissible as they were offered. Therefore, these grounds of error are entirely misplaced and, consequently, overruled.

**630**

Ground of error number four complains of the admission of an oral statement of appellant. The trial court conducted a *"Jackson v. Denno"* hearing outside the presence of the jury and concluded the statement was not as a result of custodial *interrogation* and therefore, not in violation of *TEX.CODE CRIM.PROC.ANN. art. 38.22* (Vernon 1979). (emphasis ours) We have reviewed the record in this regard. The police officer testified that appellant asked him to drive over to a friend's car and tell them "that he done it and was on his way to jail". The officer also testified the statement was completely voluntary and unsolicited. Appellant never contradicted the officer's version. Even though a person may be in custody, an unsolicited oral statement may be admissible. *Ellerbee v. State*, 631 S.W.2d 480 (Tex.Crim. App.1981). The trial court's finding was correct. Ground of error number four is overruled.

The supplemental ground of error raised by appellant's counsel attacks the sufficiency of the evidence. The state, in a response, urges this court not to consider new grounds of error in a supplemental brief citing *Coleman v. State*, 632 S.W.2d 616 (Tex.Crim.App.1982). However, because sufficiency of the evidence is the additionally asserted ground, we will consider the supplemental ground. *See Garret v. State*, 656 S.W.2d 97 (Tex.App.—San Antonio 1983, pet. granted). As previously noted, there was properly before the jury (1) the deceased's statement that appellant had shot her and (2) appellant's statement that "he had done it". This coupled with the officers arriving and finding appellant in the room with the victim and a gun next to appellant on a couch is sufficient evidence for the jury to have found the essential elements of the offense. This ground of error is overruled.

Since there is no right to hybrid representation the pro se briefs present nothing for review. *Landers v. State*, 550 S.W.2d 272 (Tex.Crim.App.1977). We, therefore, will not consider appellant's pro se grounds of error.

The judgment of the trial court is affirmed.

AFFIRMED.