**Robert Daniel BIGLER, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–86–008–CR to 2–86–010–CR.**

Court of Appeals of Texas,
Fort Worth.

Oct. 15, 1986.

Price & Swander and Steven H. Swander, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., and David L. Richards, Asst. Criminal Dist. Atty., Fort Worth, for State.

Before JOE SPURLOCK, II, HILL and KELTNER, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

Robert Daniel Bigler appeals from his conviction for three separate charges of robbery, upon his pleas of guilty to the court, pursuant to a plea bargain, with the agreement that he could appeal on the issue of a claimed violation of the Texas Speedy Trial Act, TEX.CODE CRIM.PROC. ANN. art. 32A.02 (Vernon Phamp.1986). The court assessed punishment at fifteen years in each case, to run concurrently.

In his only point of error,[1] appellant contends that the trial court erred by denying

1. Pursuant to TEX.R.APP.P. 74(d), effective September 1, 1986, we will hereafter refer to these

his "Motion to Set Aside Indictment" pursuant to the Texas Speedy Trial Act.

We affirm.

Appellant was arrested and detained in the Tarrant County Jail on December 4, 1984. On December 21, 1984, he was brought to criminal district court and served with three indictments for aggravated robbery; he was also appointed counsel. On February 7, 1985, the State filed its formal announcement of ready for trial with the court, although the appellant was not present. Appellant filed his "Motion to Set Aside Indictment" on October 1, 1985 and later pled guilty to the lesser included offense of robbery in all three cases.

A timely announcement of "ready" is a prima facie showing of the State's readiness for trial, as required by the Speedy Trial Act. *Phillips v. State*, 659 S.W.2d 415, 419 (Tex.Crim.App.1983 no pet.); *see also* TEX.CODE CRIM.PROC. ANN. art. 32A.02. After the State announces ready for trial during the applicable statutory time period, the burden shifts to the defendant to rebut the prima facie showing by producing evidence of the State's unpreparedness for trial. *Smith v. State*, 659 S.W.2d 828, 830 (Tex.Crim.App. 1983, no pet.). If the applicable statutory time period has expired and the accused invokes the Act, the State must demonstrate both it was then ready and had been ready for trial at all times within the statutory period, or the State must establish that sufficient periods of time were excludable under the Act in order to bring its announcement of readiness within the statutory period. *Id.*

The Speedy Trial Act addresses prosecutorial delays and not delays resulting from the congestion of trial court dockets or the judicial process as a whole. *See Phillips v. State* 651 S.W.2d 745, 746 (Tex. Crim.App.1985, no pet.) (en banc); *Barfield v. State*, 586 S.W.2d 538, 540 (Tex.Crim. App.1979, no pet.).

contentions as "points" of error, rather than grounds of error.

There is no dispute that the State's announcement of ready was filed within the applicable 120 day time period, although not in the presence of the appellant.

This court recently considered the same issue in *Bezotte v. State*, 709 S.W.2d 808 (Tex.App.—Fort Worth 1986, pet. pending). In that case, appellant argued his indictment should be dismissed because he was not physically present in the courtroom when the State announced it was ready for trial, relying on *Ybarbo v. State*, 659 S.W.2d 898 (Tex.App.—San Antonio 1983, no pet.) as authority. We disagreed with the application of the *Ybarbo* holding in that case and likewise we disagree with its application in this case.

 As in the *Bezotte* case, appellant argues that he was not *properly* brought before the court within the 120 day time limit as per the Speedy Trial Act. We note appellant had been brought into court and served with the indictments on December 21, 1984, seventeen days after his arrest. While this appearance was not a formal arraignment, we agree with the trial court's finding that it is the custom of the trial courts in Tarrant County to defer formal arraignment of defendants until such time as their trial is actually about to commence. This practice is a local court procedure, not prosecutorial delay, and therefore is not a violation of the Speedy Trial Act, the State having otherwise timely announced ready for trial to the court.

We hold that the showing by the defendant that although he was in custody but was not physically brought into the courtroom when the State announced ready for trial is insufficient by itself to rebut the presumption that the State was ready for trial. *See also Vertz v. State*, 712 S.W.2d 626, 627 (Tex.App.—Beaumont 1986, no pet.).

Additionally, appellant urges the State was not factually ready to try the case because it was uncertain whether a real or toy gun was used in the robberies. Appellant had the burden of showing this uncertainty caused the State not to be ready. *Smith* 659 S.W.2d at 830. Although appellant produced evidence that the gun was a toy, this does not change the disposition of the case.

Under the indictment, the State could have prosecuted appellant at all times, after announcing ready, for the lesser included offense of robbery. *See* TEX.PENAL CODE ANN. sec. 29.02(a), 29.03(a) (Vernon 1974); *Ex Parte Walton*, 626 S.W.2d 528, 530 (Tex.Crim.App.1981, no pet.). In fact, appellant pled guilty to the lesser included offense of robbery in all three cases, an admission that the indictments were sufficient to allege the offenses. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.