Travis **CARTER, Jr., Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–86–043–CR.**

Court of Appeals of Texas,
Fort Worth.

March 11, 1987.
Rehearing Denied April 15, 1987.

Price & Swander and Steven H. Swander,
Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., and C. Chris Marshall and Victoria Prescott, and Mike Jergins, Asst. Crim. Dist. Attys., Fort Worth, for the State.

Before FENDER, C.J., and BURDOCK and HARRY HOPKINS (Retired, sitting by Assignment), JJ.

OPINION

BURDOCK, Justice.

Travis Carter, Jr. appeals from his conviction for aggravated sexual assault. *See* TEX.PENAL CODE ANN. sec. 22.021 (Vernon Supp.1987). The jury assessed punishment at 60 years confinement.

We affirm.

In two points of error, appellant claims the trial court committed reversible error by: (1) instructing the jury on parole law as required by TEX.CODE CRIM.PROC. ANN. art. 37.07, sec. 4 (Vernon Supp.1987); and (2) denying his motion to dismiss for failure to grant a speedy trial. Appellant does not challenge the sufficiency of the evidence.

In his first point of error, appellant claims the trial court committed fundamental error by instructing the jury pursuant to article 37.07, section 4. Appellant argues this article is unconstitutional because it violates the separation of powers doctrine contained in the Texas Constitution. *See* TEX.CONST. art. II, sec. 1.

■ In support of this point, appellant relies almost exclusively on the original opinion of the Dallas Court of Appeals in *Rose v. State*, No. 05–85–01136–CR (Tex. App.—Dallas, Aug. 11, 1986) (opinion withdrawn September 12, 1986); *see also* TEX. CONST. art. II, sec. 1; TEX.CODE CRIM. PROC.ANN. art. 37.07, sec. 4 (Vernon Supp.1987). This court has already rejected the contention advanced by appellant in *Patton v. State*, 717 S.W.2d 772, 779–80 (Tex.App.—Fort Worth 1986, pet. pending). Furthermore, the Dallas Court of Appeals has since withdrawn its original *Rose* opinion, and substituted an opinion which also holds the statute constitutional under the separation of powers doctrine. *See Rose v.*

*State*, 724 S.W.2d 832 (Tex.App.—Dallas, 1986) (en banc) (pet. pending). Appellant's first point of error is overruled.

Appellant's second point of error alleges the trial court erred by denying his motion to dismiss for failure to grant a speedy trial. *See* TEX.CODE CRIM.PROC.ANN. art. 32A.01–.02 (Vernon Pamph.Supp.1987). Appellant was arrested and detained in the Tarrant County Jail on May 24, 1985. An indictment was filed with the clerk on June 28, 1985. On July 1, 1985, the State filed its announcement of ready. The State again announced ready for trial at the pretrial hearing on July 19, 1985.

On July 25, 1985, this case was reindicted. Subsequent to this indictment, the State announced ready for trial on July 30, 1985. The case was set for trial on September 6, 1985. The trial eventually began on February 10, 1986. At no time did either the appellant or the State request a continuance.

At the time of his arrest for this offense, appellant was out of jail on bond, following his arrest for a prior offense of aggravated sexual assault. Appellant received a 45 year prison sentence for the aggravated sexual assault. He had already started to serve that sentence when he was indicted in this case. Therefore, appellant had to be and was brought to Tarrant County from the Texas Department of Corrections on July 24th. He then remained in the Tarrant County Jail until his return to prison in the middle of September.

Since the court had other trials to hear, it informed appellant's attorney the case would be set for pretrial on January 31, 1986. Accordingly, appellant was returned to Tarrant County by January 16, 1986. At trial, the court coordinator, Anita Hackett, testified the court's crowded docket and a lengthy capital murder trial scheduled during the fall of 1985 had prevented the setting of an earlier trial date in appellant's case.

Appellant initially urges that he was never brought into the courtroom for possible trial until January of 1986, eight months after his arrest for the instant offense.

Inasmuch as appellant does not further elaborate upon this contention, we can only presume he is asserting that his actual presence in the courtroom was a necessary part of the State's burden of readiness. Appellant also claims the readiness of the State to proceed to trial was subsequently negated by his absence from Tarrant County due to his return to the Texas Department of Corrections in September of 1985.

■ A timely written or oral announcement of readiness by the State creates a prima facie case that the State is ready for trial. The burden then shifts to the defendant to establish, if he can, that the State was in fact not then ready for trial. *See Teamer v. State*, 685 S.W.2d 315, 318 (Tex.Crim.App.1984); *Philen v. State*, 683 S.W.2d 440, 443 (Tex.Crim.App.1984); *Newton v. State*, 641 S.W.2d 530, 531 (Tex. Crim.App.1982); *Phipps v. State*, 630 S.W.2d 942, 947 (Tex.Crim.App.1982); *Fraire v. State*, 588 S.W.2d 789, 791 (Tex. Crim.App.1979); *Barfield v. State*, 586 S.W.2d 538, 542 (Tex.Crim.App.1979).

■ The absence of the defendant from the jurisdiction of the trial court is a circumstance that prevents the State from being ready for trial as contemplated by the Speedy Trial Act. *Lyles v. State*, 653 S.W.2d 775, 778 (Tex.Crim.App.1983). Once the prima facie showing of readiness has been rebutted by the defendant, it then becomes incumbent upon the State to prove or establish the existence of excludable periods of delay which would extend the initial time limitation. *Pate v. State*, 592 S.W.2d 620, 621 (Tex.Crim.App.1980).

■ It is undisputed that the State announced ready for trial within the statutory time period. Regarding appellant's first contention that he has rebutted the State's announcement of ready by showing that he was not brought into the courtroom until January of 1986, we have held that a mere showing by a defendant that he was present in the county jail, but was not physically brought into the courtroom, does not by itself sufficiently rebut the presumption that the State was ready for trial. *See Bezotte v. State*, 709 S.W.2d 808, 809 (Tex.App.—Fort Worth 1986, pet. pending).

*Cf. Ybarbo v. State*, 659 S.W.2d 898, 900 (Tex.App.—San Antonio 1983, no pet.). Therefore, appellant's argument has no merit.

Appellant further contends that the readiness of the State was negated by his absence from the jurisdiction from September of 1985 until January 16, 1986. As previously noted, the trial court returned appellant to the Texas Department of Corrections in September of 1985, to continue serving his 45 year sentence. At that time, the judge set the case for pretrial in January of 1986. The issue before us is whether a defendant's showing that he was removed from the trial court's jurisdiction *after* the 120 day period, during which time the State had announced its readiness for trial, rebuts the State's readiness, thereby requiring the State to then establish one of the exceptions to article 32A.02, section 4.

Appellant cites us to no cases supporting this theory and the State does not address the issue. The State merely maintains the resetting of appellant's court date was on the court's own initiative and not caused by prosecutorial delay. Our research has not revealed any cases directed toward this particular fact situation. As stated earlier, securing the defendant's presence is a readiness burden which falls upon the State pursuant to the Speedy Trial Act. *See Lyles*, 653 S.W.2d at 777. In *Lyles*, the defendant was arrested and released after he posted a bond which was inexplicably rejected by the Sheriff's office. The Court of Criminal Appeals held that the Speedy Trial Act was not tolled since the State failed to use "due diligence" within the statutory time period to obtain the defendant's presence. *Id.; see also Wright v. State*, 696 S.W.2d 288, 291–92 (Tex.App.—Fort Worth 1985, pet. granted) (State did not exercise due diligence in merely issuing a bench warrant for a defendant in the T.D.C.).

■ The Speedy Trial Act addresses itself to prosecutorial delay, rather than to delay resulting from the judicial process itself. *Phillips v. State*, 651 S.W.2d 745, 746 (Tex.Crim.App.1983). The act does not

encompass the trial court and its docket. *Barfield*, 586 S.W.2d at 541. We hold that once the State timely establishes that a defendant is within its jurisdiction and it is ready for trial, the Speedy Trial Act is not negated by the subsequent actions of the *trial court* in temporarily removing the defendant to another jurisdiction.

■ Here, testimony clearly reflects the presiding judge set appellant's trial date, not the State. The appellant has produced no evidence which proves anything other than the trial court's heavy docket caused the State's lack of readiness after its first announcement of ready. Likewise, appellant has not shown the State attempted to avoid bringing him to trial.

In view of the court's congested docket, we find appellant was tried at the first possible time. In no event can any delay be charged against the prosecution. We overrule appellant's second point of error.

The judgment of the trial court is affirmed.