**Winston WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–99–00076–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Oct. 12, 2000.

Decided Oct. 13, 2000.

---

1. None of the witnesses identified this woman by name so the opinion will refer to her as the receptionist.

Tracy Davenport, State Counsel for Offenders, Huntsville, for appellant.

James H. Elliott, Nicole Habersang, Bowie County Asst. Dist. Attys., Texarkana, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

Winston Williams was convicted of aggravated assault, enhanced by two prior felony convictions. In accordance with the jury's recommendation, the trial court sentenced Williams to seventy-five years' confinement. The evidence showed that Williams assaulted a guard at a Texas Department of Criminal Justice facility during an escape attempt. He contends

that he has been subjected to double jeopardy.[1]

■ Williams contends that Texas law requires each alleged offense to be placed in a separate paragraph in the indictment. He complains because the two enhancing offenses were alleged in a single paragraph in the indictment. The enhancement allegation in the indictment reads as follows:

> ***HABITUAL OFFENDER NOTICE:*** and it is further presented to said Court that prior to the commission of the primary offense or offenses set out above, the defendant Winston Williams, was finally convicted of the felony offense of Assault on a Public Servant in the District Court of Bowie County, Texas, in Cause Number 96–F–008–202 on March 5, 1997, and, that prior to the commission of the offense or offenses for which the defendant was convicted as set out above, the defendant, Winston Williams, was finally convicted of the felony offense of Aggravated Robbery in the District Court of Gregg County, Texas, in Cause Number 21,969–B on December 12, 1994. . . .

Williams contends that because no single paragraph may statutorily charge more than one offense, the enhancement allegation is invalid, and he is wrongly being punished as a habitual offender. He contends that the heightened punishment constitutes a second punishment for his prior offenses, which violates the prohibition against double jeopardy.

■ Williams' argument reflects a misunderstanding of the purpose of an enhancement allegation. The purpose of an enhancement allegation is to provide the accused with notice of the prior conviction on which the State relies. *Coleman v. State,* 577 S.W.2d 486, 488 (Tex.Crim.App. [Panel Op.] 1979); *see also Hall v. State,* 619 S.W.2d 156, 158 (Tex.Crim.App. [Panel Op.] 1980). In fact, the Court of Criminal Appeals has held that it is not necessary to allege the enhancing offense in the indictment, though it is permissible and perhaps preferable to do so. *Brooks v. State,* 957 S.W.2d 30, 34 (Tex.Crim.App.1997). It is sufficient that the enhancement be pleaded somewhere, such as in a motion to amend the indictment. *See id.* at 32.

■ Williams relies on Tex.Code Crim.Proc.Ann. art. 21.24(a) (Vernon 1989), but it is inapplicable here. That statute provides that if multiple offenses arise out of the same criminal episode, the offenses may be joined in a single indictment, with each separate offense stated in a separate count, and that a count may contain as many paragraphs as necessary, but no paragraph may charge more than one offense. An enhancement allegation, however, is not a "count" of an indictment, *Phillips v. State,* 651 S.W.2d 745, 746 (Tex. Crim.App.1983), and need not have the same particularity as a count. *Freda v. State,* 704 S.W.2d 41, 42 (Tex.Crim.App. 1986). Because an enhancement allegation does not constitute a separate count, the indictment of Williams is not defective, and he has not been subjected to excessive punishment. We therefore do not address the arguments regarding preservation of error because there is no error.

■ Williams' claim of double jeopardy is without merit. The State alleged and proved two enhancing offenses. Enhanced punishments for repeat offenders do not violate the Double Jeopardy Clause of the United States Constitution. *Witte v. United States,* 515 U.S. 389, 400, 115 S.Ct. 2199, 132 L.Ed.2d 351, 364 (1995).

The trial court's judgment is affirmed.

---

1. U.S. Const. amend. V.