Stephen Ben COCKRELL, Appellant,

v.

The STATE of Texas, State.

No. 2–81–124–CR.

Court of Appeals of Texas, Fort Worth.

April 21, 1982.

Rehearing Denied May 19, 1982.

Barry G. Johnson, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Mark G. Daniel, Victoria Faye Prescott, Asst. Dist. Attys., Fort Worth, for the State.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

Appellant was convicted on an indictment charging him with burglary of a building and one enhancement count and sentenced to eighteen years in the Texas Department of Corrections. V.T.C.A. Penal Code sec. 30.02 and sec. 12.42.

We affirm.

Appellant contends that the trial court erred in (1) denying his motion to dismiss for failure to provide a speedy trial; (2) allowing the prosecutor to urge the jury to disregard the court's charge on a lesser included offense; (3) overruling a motion to quash the enhancement count; and that (4) the evidence is insufficient to support the jury's finding of "true" to the enhancement count.

Appellant was arrested on January 6, 1980, and was indicted on February 19, 1980.

On March 13 and again on March 25, 1980, the State announced it was ready to try the case. The court was in trial in other matters and was unable to reach this case and it was reset for April 27, 1980.

Meanwhile, on April 23, 1980, appellant was reindicted for the identical offense plus enhancement.

On April 25, 1980, the attorney whom the court appointed to defend appellant against the first indictment was reappointed to defend him against the second indictment. Counsel informed the court that he had prepared the same case for the second indictment as he had for the first one, but requested an additional ten days for preparation, as allowed by V.A.C.C.P. art. 27.12.

The court granted the request, making it necessary that the April 27, 1980 trial be "passed".

On April 29, 1980 the original indictment was dismissed when counsel were unable to reach agreement in plea bargaining.

The case on the second indictment was called for trial on May 27, 1980 at which time appellant's motion to dismiss for lack of speedy trial, filed May 15, 1980, was heard and overruled.

The trial court filed findings of fact in which it found that the heavy docket of the court had precluded earlier trial.

■ A defendant accused of a felony offense is entitled to be tried within 120 days of the commencement of the criminal action. V.A.C.C.P. art. 32A.02, sec. 1. A determination of whether delay beyond 120 days is reasonable must be made on a case-by-case basis. *Turner v. State*, 545 S.W.2d 133 (Tex.Crim.App.1976).

The State cites subsection (7) of article 32A.02, sec. 4 as authority that where one charge is dismissed upon the State's motion, and the defendant is *later charged* with the same offense, the 120 day time limit continues to run on the subsequent charge as if there had not been a previous charge.

■ We must follow *Durrough v. State*, 620 S.W.2d 134 (Tex.Crim.App.1981), and hold that subsection (7) does not exclude any time in this case, because the second indictment was not returned *after* dismissal of the first one.

In the instant case there was a time during which *both* indictments existed. Since the two charges overlapped, there is no period of time to be excluded under subsection (7). *Durrough, supra.* .

We conclude that the speedy trial time applicable in this case began with appellant's arrest on January 6 and ended 120 consecutive days later, regardless of the fact there were two indictments.

■ We must decide whether the delay to May 27, 1980 was a "reasonable delay".

■ The purpose of section 32A.02 is to prevent the State's abuse of the accused's right to a speedy trial.

The statute does not provide a technique to force dismissal because of delays in which the defendant has been a willing participant or that are attributable to the crowded docket of the court.

The record contains no challenge of the court's finding of fact that the heavy docket of the court had precluded earlier trial of the case.

The record also reflects no rebuttal of the State's March 13 or March 25 announcements of ready.

The Court of Criminal Appeals has held that an announcement of ready constitutes a *prima facie* showing of conformity to the Speedy Trial Act. *Barfield v. State*, 586 S.W.2d 538 (Tex.Crim.App.1979).

Because the previous charge and subsequent charge are identical except for the second indictment's enhancement count, we conclude that the periods of delay due to appellant's plea bargaining, and the 10 days delay requested by appellant's counsel, and due to the courts heavy docket are properly excluded from the computation of time. We hold that the delay was reasonable.

Appellant's first ground of error is overruled.

■ The second ground contends that the trial court erred in overruling appellant's objections to the prosecutor's argument urging that the jury disregard the court's charge on the lesser included offense of criminal trespass.

Appellant specifically complains of the following argument:

"If you don't believe the police officers, find the man not guilty. Don't worry

about the lesser included offense. Find the man not guilty."

There is harm in arguing that the jury should convict an accused on the basis of the punishment available rather than upon the facts. *Hart v. State*, 581 S.W.2d 675, 678 (Tex.Crim.App.1979).

In the instant case, however no argument was made to the jury to consider the term of punishment in determining the offense for which appellant should be convicted.

Because the prosecutor did not urge the jury to consider the term of punishment to determine the offense for which the defendant should be convicted, the argument was not error.

Appellant's second ground of error is overruled.

■ The third ground contends that the trial court erred in overruling appellant's motion to quash the enhancement count of the indictment because the order revoking appellant's probation in the prior conviction was invalid.

The order revoking probation recites October 10, 1974 as the date of conviction and on which the probated sentence was assessed, and appellant complains that the indictment's enhancement count alleges December 9, 1976 as the date of conviction.

However, the probated sentence on October 10, 1974, was not a final conviction. V.A.C.C.P. art. 42.12, sec. 3d(a) and (c). Upon revocation of probation, on December 9, 1976, the conviction was final. V.A.C.C.P. art. 42.12, sec. 3d(b).

The record reflects no fundamental defect in the probation revocation that would subject it to collateral attack in this appeal. *Galloway v. State*, 578 S.W.2d 142 (Tex. Crim.App.1979).

Appellant's third ground of error is overruled.

■ The fourth ground contends that the evidence is insufficient to support the jury verdict of "true" to the enhancement count.

Appellant argues that the pen packet introduced into evidence during the punishment phase of the trial shows October 8,

1974, as the date of judgment in his prior conviction, while the December 9, 1976, order revoking the appellant's probated sentence states that he was convicted on October 10, 1974.

We disagree with appellant's contention that the variance in dates is fatal.

■ A probated sentence does not constitute a final conviction unless and until there is a revocation of the probation. *Ex parte Murchison*, 560 S.W.2d 654 (Tex.Crim. App.1978).

There is never but one date of *final* conviction, and the only such date alleged and proven in this case was December 9, 1976.

■ When the State seeks enhancement based upon a prior conviction in which sentence was probated and later revoked, the date to allege as final conviction is the date on which probation was revoked. *Capuchino v. State*, 389 S.W.2d 296 (Tex.Crim.App. 1965).

The proof matches that allegation, and appellant's fourth ground of error is overruled.

Judgment is affirmed.