**Earl W. PRESCOTT, Jr., Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–078–CR.**

Court of Appeals of Texas, Corpus Christi.

Feb. 17, 1983.

James M. Whitten, Sinton, for appellant.

Thomas L. Bridges, Dist. Atty., Sinton, for appellee.

Before NYE, C.J., and UTTER and GONZALEZ, JJ.

## OPINION

UTTER, Justice.

Appellant was convicted of theft of property valued between $200.00 and $10,000.00.

The jury assessed punishment at five years confinement and a fine of $900.00. Both imposition of the sentence and payment of the fine were suspended, and appellant was placed on five years probation. We affirm.

In his sole ground of error, appellant contends that the case against him should have been dismissed because the State did not comply with the provisions of Article 32A.02 of the Texas Code of Criminal Procedure, a portion of the statute popularly known as the Speedy Trial Act.

Appellant stated that he was arrested on August 9, 1979, and was placed in jail on that day. He remained in jail until December 17, 1979, the date on which his trial began and on which his motion to set aside the indictment was heard. Appellant contends that the "State never announced ready for trial within 120 days after August 9, 1979 . . .", and that this action should therefore be dismissed.

However, when the motion to set aside the indictment was heard by the court; the following dialogue ensued:

THE COURT: I'm asking you now was the State ready on October 11, 1979?

PROSECUTION WITNESS: In response, I would reply we were ready with the exception of the fact that none of the witnesses were subpoenaed to appear for trial.

THE COURT: Same question as to November 16, 1979.

PROSECUTION WITNESS: Yes, Your Honor. Once again, we were prepared to try the case whenever it was set, and no witnesses that I know of were unavailable at the time, and there has been no further investigation into the facts of this case since some time in August.

THE COURT: But for the first time, the case was set for the first time today, according to the docket notation. What has been the State's position on the case with regard to being ready to try the case?

PROSECUTION WITNESS: We have been ready to go, Judge.

THE COURT: Since when?

PROSECUTION WITNESS: I would say since August twenty-second.

Appellant did not demonstrate that any witnesses were unavailable or that the State's contentions were in any way untrue. We will not hold that the State, in order to comply with the "ready for trial" portion of the Speedy Trial Act, must have its witnesses present at each pretrial activity, or that it must subpoena its witnesses before the case is even set for trial. Although no trial setting was received for more than 120 days from the date appellant was first confined, the delay was attributable to the trial court, not the State.

The Speedy Trial Act does not impose a deadline on the courts to call a case for trial; rather, it imposes a deadline on prosecutors for being ready for trial. *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App. 1979); *Gray v. State,* 628 S.W.2d 228 (Tex. App.—Corpus Christi 1982, d.r. ref'd). Since appellant was the movant, he was required to demonstrate a noncompliance with the statute. Simply because the record shows no announcement of "ready" by the State during the 120-day period does not prove that the prosecution was not ready for trial within that period. *Gray v. State,* Id.

The judgment of the trial court is AFFIRMED.