IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-177-CR




TIMOTHY JOE LUNA,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NO. 40,585, HONORABLE JACK W. PRESCOTT, JUDGE PRESIDING


 





PER CURIAM

 At appellant's trial for murder, the jury found him guilty of the lesser included
offense of voluntary manslaughter. Tex. Penal Code Ann. § 19.04 (West 1989). The district
court assessed punishment at imprisonment for twenty years.

 At approximately 4:00 a.m. on April 4, 1991, Bobby Sweet returned to his house
in Belton in a highly intoxicated state. Sweet had spent the previous ten hours in the company of
Kellye Egan and several of her friends and acquaintances, including appellant. Sweet told Gaylon
Brown, his brother, and Donnie Rich, a friend who was staying with them, that he had been in
a fight at Egan's house and that his wallet and keys had been stolen. (1) Brown, Sweet, and Rich
decided to drive to Egan's house in Brown's pickup to retrieve Sweet's property. They took with
them two table legs and an ax handle "just in case something happened."

 The three men arrived at Egan's house in Temple around 4:30 a.m. Sweet got out
of the pickup and went inside, unarmed, to seek his wallet. Brown, carrying the ax handle, also
got out of the pickup and approached appellant, who was standing in the yard. Brown asked
appellant where his brother's keys were. Appellant said he did not know anything about the keys. 
Brown then swung the ax handle at appellant, missing him. Appellant fled into the house with
Brown in pursuit. Rich, carrying one of the table legs, followed Brown into the house. 

 Inside the house, appellant found two allies in David Martinez and Pete Valdez. 
By the time Rich entered the house, the other men had overpowered Brown and were beating him
with their fists, the ax handle, and a weight from a set of barbells. Rich attempted to pull Valdez
away, was struck several times, and fled out the front door.

 Brown staggered outside, followed by appellant and the others in the house. 
Appellant struck Brown again and he fell to the ground, where he ceased all resistance and lay
curled in a defensive posture. Rich and another witness, Darlene Sneed Martinez, testified that
appellant and David Martinez continued to strike Brown about the head and upper body. Darlene
Martinez said that Martinez was hitting Brown with a table leg, while appellant was using a metal
bar from the barbells.

 The beating stopped as police sirens were heard approaching. Someone, it is not
clear from the evidence who, dragged Brown's unconscious body from Egan's front yard to the
street. Before fleeing to the house next door, appellant ran over and hit Brown one more time
with the metal bar.

 After speaking to the witnesses and viewing the scene, police officers went next
door and arrested appellant and David Martinez. Both men had a large amount of blood on their
clothes and bodies, but were not injured. Brown was taken to a hospital were he died three days
later from massive injuries to the head.

 The court instructed the jury on the use of deadly force in self-defense. Tex. Penal
Code Ann. § 9.32 (West Supp. 1992). In his first point of error, appellant complains that the
court erroneously limited his right of self-defense by including a charge on abandonment of the
difficulty by the deceased. After setting out the law of self-defense and applying it to the facts
of the case, the court instructed the jury as follows:


 You are instructed that if you believe from the evidence that the deceased
used force or violence upon the defendant and put the defendant in fear of his life
or serious bodily harm, or did some act or acts which justified the defendant in
reasonably believing that he was in danger of losing his life or suffering serious
bodily harm from the acts of deceased, but you further believe from the evidence
beyond a reasonable doubt that the deceased in good faith abandoned the difficulty
and retreated, and that this reasonably appeared to the defendant and that the
defendant, so knowing that deceased had abandoned the difficulty, pursued the
deceased and continued to strike deceased, not in his necessary or apparently
necessary self defense, and thereby killed the deceased, then the defendant would
be guilty of culpable homicide, which the jury must determine from the evidence
beyond a reasonable doubt. But, if you find from the evidence, or you have a
reasonable doubt thereof, that the defendant did not reasonably believe that the
deceased had withdrawn from the difficulty, but that by his retreating he was
seeking a vantage ground to renew the attack or threatened attack, if any, then the
defendant would have the right to pursue and strike said deceased as long as it
reasonably appeared to the defendant to be necessary, and he believed it to be
necessary, to protect himself, but no further.



Appellant urges that this instruction should not have been given because there is no evidence that
Brown abandoned the difficulty and retreated. (2)

 Appellant's own written statement to the police contains evidence of Brown's withdrawal
from the difficulty. In the statement, appellant says, "I got the ax handle away from Gaylon
somehow. I hit Gaylon in the head and face. He staggered outside. I told him to get his brother
and leave. Gaylon was standing beside the sidewalk. I hit him again and he fell. Gaylon stayed
on the ground. I saw blood coming from Gaylon." This statement and the testimony of the
various witnesses, who all stated that Brown did not fight or resist appellant after leaving the
house, raised an issue as to whether Brown had withdrawn from the difficulty and retreated. The
court did not err by overruling appellant's objection to the instruction. Point of error one is
overruled.

 In his second point of error, appellant contends the court erred by refusing this requested
charge:



 You are further instructed that if the Defendant struck the deceased in defense of himself,
then he had the right to continue striking him until the danger or apparent danger ceased, or as
long as it reasonably appeared to him, as viewed from his standpoint at the time, that he was in
danger.



We conclude that no error is presented, as appellant's requested charge was substantially
incorporated into the instruction on withdrawal from the difficulty given by the court and quoted
above. See Philen v. State, 683 S.W.2d 440, 445 (Tex. Crim. App. 1984). Appellant incorrectly
asserts in his brief that the court's charge conditioned his right to pursue on a finding that the
deceased had abandoned the difficulty. The truth is exactly to the contrary. The court's charge
authorized appellant to pursue and strike the deceased if the jury believed that the deceased had
not withdrawn from the difficulty. The second point of error is overruled.

 Finally, appellant contends that the evidence is legally insufficient to support the
finding that he did not act in self-defense. In reviewing the sufficiency of the legal evidence in
a case in which the trier of fact has rejected a self-defense claim, the appellate court must
determine, after viewing all the evidence in the light most favorable to the prosecution, if any
rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt and also could have found beyond a reasonable doubt that the defendant was not acting in
self-defense. Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991); see Jackson v.
Virginia, 443 U.S. 307 (1979); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). 
Without restating the evidence, we believe that a rational trier of fact could conclude beyond a
reasonable doubt that appellant did not reasonably believe that deadly force when and to the
degree used was immediately necessary to protect himself against the deceased. Point of error
three is overruled.

 The judgment of conviction is affirmed.



[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: October 14, 1992

[Do Not Publish]
1.   These statements appear to have been incorrect. There is no evidence that Sweet had been
in a fight, and the evidence shows that Sweet later found his wallet on a bed on which he had
passed out earlier that night. What, if anything, happened to Sweet's keys is not shown by the
record. 
2.   The court's charge on abandonment of the difficulty by the deceased follows the form charge
that was used under the 1925 Penal Code. See 4 A. R. Stout, Branch's Annotated Penal Code
of Texas § 2145.1 (2d ed. 1956). Arguably, the concepts contained in the charge are incorporated
in the present code's requirement that the actor retreat if a reasonable person would do so, and
that he use deadly force only when and to the degree he reasonably believes it to be immediately
necessary. It has been held, however, that the present code is not an exclusive codification of the
preexisting case law on self-defense. Young v. State, 530 S.W.2d 120, 123 (Tex. Crim. App.
1975).