Mary Louise Klekar v. Ronald Jene Klekar















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-246-CV

     MARY LOUISE KLEKAR,
                                                                              Appellant
     v.

     RONALD JENE KLEKAR,
                                                                              Appellee
 

From the 311th District Court
Harris County, Texas
Trial Court # 98-16618
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Mary Louise Klekar appealed her divorce. She filed a motion to dismiss her appeal on
February 19, 2002. The motion states that it is based upon the agreement of the parties pursuant
to a mediated settlement agreement.
      Rule of Appellate Procedure 42.1(a)(2) provides:
(a) The appellate court may dispose of an appeal as follows:
(2) in accordance with a motion of appellant to dismiss the appeal or affirm the
appealed judgment or order; but no other party may be prevented from seeking
any relief to which it would otherwise be entitled. 
Tex. R. App. P. 42.1(a)(2).
      Klekar’s dismissal motion complies with the requirements of the appellate rules. More than
ten days have passed since the filing of the motion without a response from Appellee Ronald Jene
Klekar. Accordingly, this cause is dismissed with costs to be taxed against the party incurring
same.
                                                                         PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal dismissed
Opinion delivered and filed March 6, 2002
Do not publish
[CV06]



, 1991. They were tried together, though represented by separate counsel, and both were
convicted and sentenced to life imprisonment.
      Reese and Roberson have the same counsel on appeal, the statements of facts are identical and
both urge three identical points on appeal.
      Jack Keller (the deceased) and David Osborne were neighbors in a boarding house near
downtown Houston. On April 20, 1991, at about 7:00 p.m., they walked to the Westheimer Arts
Festival, ate at a hot dog stand, walked around for awhile, then walked toward their home. Near
a soul food restaurant a small group of men shouted at them from the opposite side of the street
asking if they were in the market for crack cocaine. Osborne replied they were not, whereupon,
the men came at Keller and Osborne knocking Osborne down and beating him to unconsciousness. 
Keller was knocked down and while he was down Reese and Roberson stabbed him six times,
three stabs to the chest and three to the back. The autopsy report showed four of the stabs were
fatal and any one was sufficient to cause Keller's death. Reese's and Roberson's statements admit
to killing Keller but assert self defense. In the punishment phase, the State proved four prior
felony convictions against each of the defendants.
      As noted, both defendants were convicted and both appeal on identical points.
      Point one asserts that the trial court reversibly erred in permitting Houston Police Sergeant
Swaim to testify that Appellants did not act in self defense in contravention of Texas Rules of
Criminal Evidence 704.
      On redirect examination of Sergeant Swaim the State asked:
Q.Sergeant Swaim, just one thing. Reading both of defendants' statements together,
do you think that a person who is surrounded by a mob, including the defendant[s]
and all of their friends, okay? And people are throwing bricks, and bottles and
things, rocks, at one person who seems to be center of all this activity, that person
is now down on the ground with their hands over their head unarmed at this point
and a person plunges a knife into their back approximately four times while another
person also, according to one of the defendant's statement, stabbed that person at the
same time, do you think that the two people with the knives in their hand who are
stabbing this man, who are in the center of the crowd are acting in self defense?
 
A.No.
 
[COUNSEL FOR ROBERSON]: We object totally to the question. It's calling
for speculation on the part of the witness as to the mental state of the people involved
in this case.
 
THE COURT: Overruled.

      First, the trial objection was to "speculation on the part of the witness as to the mental state
of the people involved in this case." The point of error does not comport with the trial objection. 
A trial objection stating one legal basis may not be used to support a different legal theory on
appeal. Rezac v. State, (Tex. Crim. App.) 782 S.W.2d 869.
      Second, Rule 704, Texas Rules of Criminal Evidence, relied on by Appellants provides:
Testimony in the form of an opinion or inference otherwise admissible is not
objectionable because it embraces an ultimate issue to be decided by the trier of fact.

      All portions of the State's questions were in evidence. In such a situation, Rule 704,
Texas Rules of Criminal Evidence, does not prohibit the complained of question or Sergeant
Swaim's answer. Both Reese's and Robertson's point of error one are overruled.
      Point two asserts that the trial court reversibly erred in allowing into evidence, over
Appellants' hearsay objection, the statements of the medical examiner, Aurelio A. Espinola,
through the testimony of another medical examiner, Edwardo Bellos, in contravention of Texas
Rules of Criminal Evidence 803(8)(B).
      The State sought to introduce Exhibit 39 which was the autopsy report of the deceased Jack
Keller. Counsel for Roberson objected on the grounds of hearsay, to which the State responded
that the exhibit was a business record exception to the hearsay rule. The trial court denied the
objection and admitted the report.
      Rule 803 reads in part:
(8) Public records and reports records, reports, statements or data compilation, in any
form, of public offices or agencies setting forth . . . (B) matters observed pursuant to
duty imposed by law as to which matters there was a duty to report, excluding, however,
matters observed by police officers and other law enforcement personnel . . . .

      Objection was on the basis that the report was unsworn. This is a different objection from
the one being raised on appeal, i.e., that the report was hearsay because it contained matters
observed by law enforcement personnel within the exception of Rule 803(8)(B).
      The point presented on appeal must be the same as the objection raised at the trial in order for
any error to be preserved. Ransom v. State, (Tex. Crim. App.) 789 S.W.2d 572, 588; Rezac v.
State, (Tex. Crim. App.) 782 S.W.2d 869.
      Medical personnel who prepare autopsy reports are not "police officers" or "law enforcement
personnel," but are medical examiners appointed by the County Commissioners' Court and serve
at their pleasure. Tex. Code Crim. Proc. Ann. art. 49.25 § 2; Garcia v. State, No. 05-91-066-CR
(Tex. App.—Dallas); Vasquez v. State, 814 S.W.2d 773 (Tex. App.—Houston [14th Dist.] pet.
ref'd). Point two of both Reese and Roberson is overruled.
      Point three asserts that the trial court reversibly erred in denying Appellants' requested
charge, Exhibit 1.
      Both appellants requested the following charge be given to the jury at the guilt/innocence
phase of the trial:
You are instructed further, in connection with the law of self-defense that if you find
from the evidence that shortly prior to the killing, the defendant reasonably apprehended
an attack upon his person by the deceased, then the fact that the defendant armed himself
with a knife would in no wise impair or lessen his right to self-defense because he would
have a right to arm himself if he reasonably feared such attack.

      Request for such instruction was denied by the trial court. The trial court did give the jury
the following instructions on the law of self defense:
Upon the law of self defense, you are instructed that a person is justified in using force
against another when and to the degree he reasonably believes the force is immediately
necessary to protect himself against the other person's use or attempted use of unlawful
force. The use of force against another is not justified in response to verbal provocation
alone.
 
A person is justified in using deadly force against another if he would be justified in using
force against the other in the first place, as above set out, and when he reasonably
believes that such deadly force is immediately necessary to protect himself against the
other person's use or attempted use of unlawful deadly force, and if a reasonable person
in the defendant's situation would not have retreated.
 
By the term `reasonable belief' as used herein is meant a belief that could be held by an
ordinary and prudent person in the same circumstances as the defendant.
 
By the term `deadly force' is meant force that is intended or known by the persons using
it to cause, or in the manner of its use or intended use is capable of causing death or
serious bodily injury.
 
When a person is attacked with unlawful deadly force, or he reasonably believes he is
under attack or attempted attack with unlawful deadly force, and there is created in the
mind of such person a reasonable expectation or fear of death or serious bodily injury,
then the law excuses or justifies such person in reverting to deadly force by any means
at his command to the degree that he reasonably believes immediately necessary, viewed
from his standpoint at the time, to protect himself from such attack or attempted attack. 
And it is not necessary that there be an actual attack or attempted attack, as a person has
a right to defend his life and person from apparent danger as fully and to the same extent
as he would had the danger been real, provided that he acted upon a reasonable
apprehension of danger, as it appeared to him from his standpoint at the time, and that
he reasonably believed such deadly force immediately necessary to protect himself against
the other person's use or attempted use of unlawful deadly force.
 
In determining the existence of real or apparent danger, you should consider all the facts
and circumstances in the case in evidence before you, together with all relevant facts and
circumstances going to show the condition of the mind of the defendant at the time of the
occurrence in question, and in considering such circumstances, you should place
yourselves in the defendant's position at that time and view them from his standpoint
alone.
 
Now if you find from the evidence beyond a reasonable doubt that the defendant [each
charge naming the respective defendant] did cause the death of Jack Keller by stabbing
him with a knife, as alleged, but you further find from the evidence as viewed from the
standpoint of the defendant at the time, that from the words or conduct, or both, of Jack
Keller it reasonably appeared to the defendant that his life or person was in danger and
there was created in his mind a reasonable expectation or fear of death or serious bodily
injury from the use of unlawful deadly force at the hands of Jack Keller, and that acting
under such apprehension and reasonably believing that the use of deadly force on his part
was immediately necessary to protect himself against Jack Keller's use or attempted use
of unlawful deadly force, he stabbed Jack Keller with a knife and that a reasonable person
in the defendant's situation would not have retreated, then you should acquit the
defendant on the grounds of self-defense, or if you have a reasonable doubt as to whether
or not the defendant was acting in self-defense on said occasion and under the
circumstances, then you should give the defendant the benefit of that doubt and say by
your verdict, not guilty.
 
If you find from the evidence beyond a reasonable doubt that at the time and place in
question the defendant did not reasonably believe that he was in danger of death or
serious bodily injury, or that a reasonable person in the defendant's situation would have
retreated before using deadly force against Jack Keller, or that the defendant under the
circumstances as viewed by him from his standpoint at the time, did not reasonably
believe that the degree of force actually used by him was immediately necessary to
protect himself against Jack Keller's use or attempted use of unlawful deadly force, then
you should find against the defendant on the issue of self defense.
 
You are instructed in connection with the right of self-defense that if the defendant was
acting in self defense when he used deadly force, if he did, then he would have a right
to continue using deadly force so long as it reasonably appeared to him, at the time, as
viewed from his standpoint along, that all danger had not passed.

      The requested instruction is substantially the same as that given by the court's charge. When
a requested instruction is substantially the same as that given by the court, there is no harm in
refusing it. Philen v. State, (Tex. Crim. App.) 683 S.W.2d 440, 445; Davis v. State, (Tex. Crim.
App.) 651 S.W.2d 787, 792. Both Reese's and Roberson's point three are overruled.
      The judgment is affirmed.
 
                                                                                     FRANK G. McDONALD
                                                                                     Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed January 13, 1993
Do not publish