ACCEPTED
03-17-00302-cr
21406744
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/20/2017 12:39 PM
JEFFREY D. KYLE
CLERK

## No. 03-17-00302-CR

In the Court of Appeals for the Third District
Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/20/2017 12:39:29 PM
JEFFREY D. KYLE
Clerk

**Andre Jackson,**
Appellant

v.

**The State of Texas,**
Appellee

Appeal from the 331st Judicial District Court
Travis County, Texas
Cause Number D-1-DC-16-302285
Honorable Judge David Crain, Presiding

## STATE'S REPLY BRIEF

**Margaret Moore**
District Attorney
Travis County, Texas

**Nancy L. Nicolas**
Assistant District Attorney
State Bar No. 24057883
P.O. Box 1748
Austin, Texas 78767
512-854-9400 (phone)
512-854-4206 (fax)
Nancy.Nicolas@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

# TABLE OF CONTENTS

INDEX OF AUTHORITIES...............................................iii

STATE'S REPLY TO APPELLANT'S SOLE POINT OF ERROR.. 1

The trial court did not err in denying Appellant's petition for habeas corpus seeking bond reduction or personal bond. ..........1

Factual Background ........................................................2

The Standard of Review is Abuse of Discretion......................3

The Trial Court Did Not Abuse its Discretion. .......................4

PRAYER .....................................................................9

CERTIFICATE OF COMPLIANCE AND SERVICE..................10

# INDEX OF AUTHORITIES

**Cases**

*Ex parte Gill*, 413 S.W.3d 425 (Tex. Crim. App. 2013)....................3

*Ex parte McNeil v. Rains*, 772 S.W.2d 488 (Tex. App. -- Houston [1st dist.] 1989) ...............................................................................4

*Ex parte Smith*,  486 S.W.3d 62 (Tex. App. -- Texarkana [6th dist.] 2016)................................................................................. 3,4

*Jones v. State*, 803 S.W.2d 712 (Tex. Crim. App. 1991) ......... 4,5,6,7

*Pate v. State*, 592 S.W.2d 620 (Tex. Crim. App. 1980) ...................5

*Philen v. State*, 683 S.W.2d 440 (Tex. Crim. App. 1984).................7

**Statutes**

Tex. Code Crim. P. Art. 17.151...................................................4

**No. 03-17-00302-CR**

In the Court of Appeals for the Third District
Austin, Texas

---

**Andre Jackson,**
Appellant

v.

**The State of Texas,**
Appellee

---

Appeal from the 331st Judicial District Court
Travis County, Texas
Cause Number D-1-DC-16-302285
Honorable Judge David Crain, Presiding

---

**STATE'S REPLY BRIEF**

---

To the Honorable Third Court of Appeals:

Now comes the State of Texas and files this answer in response to the brief filed by Appellant.

### STATE'S REPLY TO APPELLANT'S SOLE POINT OF ERROR

**The trial court did not err in denying Appellant's petition for habeas corpus seeking bond reduction or personal bond.**

Appellant argues that the trial court erred when it found that the State had been ready for trial with ninety days from the commencement of his detention, as required by Article 17.151 of

1

the Texas Code of Criminal Procedure. The State contends Appellant has failed to prove this claim has merit.

## Factual Background

On November 6, 2006, police responded to a call of an unconscious man lying in the roadway. CR 5. An autopsy determined that that Kenneth Johnson, the decedent, died as a result of gunshot wounds. CR 5. Following an investigation by the Austin Police Department, a probable cause affidavit and warrant for Appellant's arrest were issued, alleging Murder. CR 5-9. Bond was set at $250,000. CR 10. Appellant was arrested on November 28, 2016, the same day the arrest warrant was issued. CR 4. Appellant's personal bond on a different case, for which he had previously been released, was also revoked and set at $25,000 on November 30, 2016.[1] A grand jury indicted Appellant for the offense on January 18, 2017. CR 21-23.

Through his attorney, Appellant filed a Motion for Writ of Habeas Corpus seeking bail reduction on January 18, 2017. CR

---

[1] The other case, an allegation of felony Evading Arrest or Detention, is proceeding in trial court under Cause number D-1-DC-16-301434, and is the subject of Appellant's other appeal, which is before this Court under Number 03-17-00301-CR. The facts and procedural history of that case are discussed more thoroughly in the State's corresponding answer.

2

15-20. A hearing on this motion took place January 24, 2017, in which the trial court denied Appellant's request to reduce the bond. 2 RR 10.

Appellant filed, *pro se,* a "Petition for Habeas Corpus Because of Delay" on March 13, 2017. CR 52. The petition was discussed in a bench conference on March 15, 2017, but no formal hearing took place at that time because the State had not been provided prior notice of the petition. 3 RR 12. On April 10, 2017, the trial court held a hearing on Appellant's motion, at the conclusion of which the motion was denied. 4 RR 8. Appellant challenges that ruling by the trial court in the instant appeal.

### The Standard of Review is Abuse of Discretion.

Claims that the trial court erred concerning the imposition or reduction of bail are reviewed for an abuse of discretion. *Ex parte Smith,* 486 S.W.3d 62, at 64 (Tex. App. – Texarkana [6th dist.] 2016), citing *Ex parte Gill,* 413 S.W.3d 425 (Tex. Crim. App. 2013). The reviewing court will not disturb a trial court's ruling unless "no reasonable view of the record" supports the legal conclusion,

viewing the facts in the light most favorable to the ruling. *Ex parte Smith*, 486 S.W.3d 64.

## The Trial Court Did Not Abuse its Discretion.

Where an accused invokes Article 17.151 and challenges the State's timely readiness for trial, the State must make a prima facie showing that the State is or was ready before the applicable deadline. *Jones v. State*, 803 S.W.2d 712, at 719 (Tex. Crim. App. 1991). If the State has made its prima facie showing, then the burden shifts to the accused to rebut it, absent which a trial court has discretion to find the State was timely in its readiness for trial. *Id.* at 718, 719. Here, the State was required to be ready for trial within ninety days of Appellant's arrest for Murder, which would have made the State's deadline for readiness February 27, 2017. Tex. Crim. Pro. Art. 17.151(1).

The State made its prima facie case when the trial court noted at the beginning of the proceeding on Appellant's petition that Appellant had been indicted for the offense on January 18, 2017. 4 RR 4. See *Ex parte McNeil v. Rains*, 772 S.W.2d 488, at 489 (Tex. App. – Houston [1st dist. 1989] ("The existence of a charging

4

instrument is an element of preparedness. Where there is no indictment, the State cannot announce ready for trial."), citing *Pate v. State,* 592 S.W.2d 620 at 621 (Tex. Crim. App. 1980). Here, the Prosecutor affirmatively stated, "We've been ready since this case got indicted." 4 RR 8. The Prosecutor further informed the trial court:

> Ms Meredith: You Honor, the State was ready. The Defendant was – the offense committed in this case was on November 6th of 2016. The State presented a case to grand jury on January 18th of 2017 where the grand jury returned an indictment. That was well within the 90 days. The State was ready to calendar this for trial.

4 RR 7.

The only evidence offered by Appellant to rebut this showing was his argument in which he pointed out the State had made no formal announcement of ready within the statutory time period. 4 RR 6. However, the State is not required to file a written notice or even announce ready prior to the ninetieth day; a retrospective announcement of readiness can sufficiently demonstrate the State's compliance with Article 17.151. *Jones v. State*, 803 S.W.2d at 717 (Tex. Crim. App. 1991).

5

Further, Appellant claimed the State could not be ready without cell phone records that the State represented had just been received in March. 4 RR 6. The State's response to this concern was that the records were "just in addition to all the other evidence that we have in this particular case. And we were ready to go to trial within the 90 days." 4 RR 7. The record in this instance is distinguishable from the circumstances in *Jones v. State*, where the significance of certain testimony from a person who was not available to the State within the statutory time period was uncontroverted. Here, unlike in *Jones*, the State refuted that the cell phone records obtained after the ninety days had expired were "a key…piece of evidence," and instead articulated to the court that the records were merely part of the totality of the case. 803 S.W.2d 712 (Tex. Crim. App. 1991). It is apparent from the Probable Cause affidavit that records relied upon by the Austin Police Department in their investigation were already in the possession of law enforcement, and therefore available to the State, on November 23, 2016, prior even to the commencement of Appellant's confinement. CR 8. Absent a credible showing of the significance the records obtained by the State in March, the trial court was not bound to

6

conclude that the cell phone records were a key piece of evidence obtained untimely, and Appellant failed to meet his burden of proof to rebut the State's prima facie claim of readiness. *Id.*

Additionally, even if the records were a key component in the case, their arrival into the State's possession in March does not preclude the State's readiness prior to that occurrence. The failure to subpoena witnesses is insufficient grounds to rebut the State's announcement of ready, if the trial court finds that the State could have been ready for trial absent the subpoenas, and the State contends that same reasoning applies to evidence contained in records expected in response to a subpoena. *Philen v. State*, 683 S.W.2d 440, at 444 (Tex. Crim. App. 1984). Here, there is no demonstration that had the case been set for trial sooner, the State would have been unable to secure the records and requisite witnesses on which to base a predicate for admissibility. Again, this is distinguishable from *Jones*, where the witness necessary to the State's case was proven to be in custody in a different state, and no legal mechanism that could have secured his appearance was commenced within the ninety day period for readiness. 803 S.W.2d 712 (Tex. Crim. App. 1991).

7

The trial court's succinct ruling demonstrates its application of the correct legal standard when it held, "The State has announced that they were ready at that time before the 90 days had elapsed and that creates on the face of it a readiness for trial. And I haven't heard any credible evidence to negate their showing of readiness, so I'll deny your Motion for Writ of Habeas Corpus to be released." 4 RR 8. Affording due deference to the trial court's factual determinations, and because the court utilized the correct legal standard, the record does not support a finding of abuse of discretion. The State contends that this Court should deny the relief sought by Appellant.

## PRAYER

The State requests that the Court overrule Appellant's point of error and affirm the trial court's judgment.

Respectfully submitted,

**Margaret Moore**
District Attorney
Travis County

*/s/ Nancy L. Nicolas*
**Nancy L. Nicolas**
Assistant District Attorney
State Bar No. 24057883
P.O. Box 1748
Austin, Texas 78767
512-854-9400 (phone)
512-854-4206 (fax)
Nancy.Nicolas@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

9

## CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that this brief contains 1,462 words, based upon the computer program used to generate this brief and excluding words contained in those parts of the brief that Texas Rule of Appellate Procedure 9.4(i) exempts from inclusion in the word count, and that this brief is printed in a conventional, 14-point typeface.

I further certify that, on the 20th day of December, 2017, a true and correct copy of this brief was served, by U.S. mail, electronic mail, telephonic document transmission, or electronically through the electronic filing manager, to Appellant, Andre Jackson, #1642983, Travis County Jail, 3614 Bill Price Road, Del Valle, TX 78617.

*/s/ Nancy L. Nicolas*
**Nancy L. Nicolas**
Assistant District Attorney