

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RAQUEL GONZALEZ, | § | No. 08-16-00287-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | |
| | § | County Court at Law Number One |
| THE STATE OF TEXAS, | § | |
| | § | of El Paso County, Texas |
| Appellee. | § | |
| | § | (TC# 20090C08960) |

**DISSENTING OPINION**

I respectfully dissent and would hold that Appellant's right to a speedy trial has not been violated. I agree that a seven-year delay is presumptively prejudicial and triggers a *Barker* analysis. Further, the seven-year delay from August 2009 to Appellant's plea in October 2016, in part, weighs against the State. The majority holds the reason for the delay is three-fold: (1) Appellant's case was postponed/continued to allow her to complete the requirements of the mental health court until February 2011; (2) official negligence from March 2011 until July 2015; and (3) August 2015 through October 2016, resolution of the case and hearing on the motion to dismiss based on speedy trial violations. The majority finds the State "slightly" responsible for the delay from March 2011 through July 2015, based on official negligence. The majority also asserts that Appellant's failure to assert the right to a speedy trial should not be held against her because she

mistakenly believed the case had been dismissed. Last, the majority acknowledges Appellant failed to demonstrate any actual trial prejudice as the result of the seven-year delay, but finds she has suffered *Doggett*-type prejudice. *Doggett v. United States*, 505 U.S. 647, 652, 112 S.Ct. 2686, 2691, 120 L.Ed.2d 520 (1992).

The majority recognizes that *Doggett*-type prejudice is not available if a defendant acquiesced in the delay, and finds Appellant did not contribute to any part of the seven-year delay.[1] A delay caused by an Appellant can rise to the level of a waiver.[2] *State v. Munoz*, 991 S.W.2d 818, 822 (Tex.Crim.App. 1999) (citing *Barker v. Wingo*, 407 U.S. 514, 528-30, 92 S.Ct. 2182, 2191-92, 33 L.Ed.2d 101 (1972) (delay attributable to defendant constitutes waiver of speedy trial); *Dickey v. Florida,* 398 U.S. 30, 48, 90 S.Ct. 1564, 1574, 26 L.Ed.2d 26, 38 (1970) (Brennan, J., concurring) (defendant may be "disentitled to the speedy-trial safeguard in the case of a delay for which he has, or shares, responsibility")). Further, "[a]ny presumptive prejudice due to the passage of time" is "extenuated" by an appellant's "acquiescence in the delay." *Hopper v. State*, 520 S.W.3d 915, 929 (Tex.Crim.App. 2017); *see Cockrell v. State,* 632 S.W.2d 664, 666

---

[1] The majority states and I concur that an Appellant is not entitled to the presumption of *Doggett*-type prejudice "if he or she acquiesced in the delay, [however,] if no such acquiescence is found, a reviewing court may presume that a lengthy delay adversely affected the defendant's ability to defend herself." *Gonzalez v. State*, No. 08-16-00287-CR, at 27 (Tex.App.–El Paso November 20, 2018, no pet. h) (citing *State v. Ritter*, 531 S.W.3d 366, 374-75 (Tex.App.–Texarkana 2017, no pet.); *Balderas v. State*, 517 S.W.3d 756, 772 (Tex. Crim. App. 2016)); *see generally Dragoo v. State*, 96 S.W.3d 308, 315 (Tex. Crim. App. 2003) (citing *Doggett*, 505 U.S. at 658, 112 S.Ct. at 2694) (a defendant who acquiesced in a delay is not entitled to the presumption of prejudice).

[2] "The constitutional right to a speedy trial exists to ensure speedy trials, not to create an opportunity for a criminal defendant to have his case dismissed by voluntarily accepting delay and then strategically asserting the right and relying on the very delay he purposefully endured. When a criminal defendant invites the delay made the basis of a speedy trial complaint, any resulting denial of constitutional rights is directly attributable to him." *Johnson v. State,* 901 S.W.2d 525, 530 (Tex.App.–El Paso 1995, pet. ref'd) (holding that if Appellant affirmatively shows that he has no interest in obtaining a speedy trial, Appellant has waived his speedy trial claim.)

(Tex.App.–Fort Worth 1982, pet. ref'd) (defendant not entitled to dismissal of case based on delays in which was a willing participant).

However, the evidence is uncontroverted that Appellant was told and understood that once she complied with the requirements of the mental health court her case would be dismissed. The requirements, according to Appellant, were "[t]herapy, medication, a psychiatrist and look for work through DARS program, and comply with the treatments through the MHMR." She stated she complied with her requirements and her understanding was the case was closed or dismissed. Appellant maintains she had no idea the case was pending through July 2015. Appellant testified that she did not have any contact with her attorney or the court during that time period. Appellant was referred to the mental health court because she suffered from depression and epilepsy. Appellant equivocated whether the documents she signed promised her a dismissal of her case once she fully complied with the mental health program. Appellant's husband testified that he took her to her appointments for "[c]lose to 12 months." He also understood that her criminal case was closed. Further, his wife told him that she was told by the court's personnel that her case was closed.

Clearly, Appellant chose to avail herself of the mental health court program in order to obtain a dismissal of her cases which contributed to the delay of disposing of her two DWI cases until at least February 2011. Because Appellant delayed the case from February 2010 through February 2011 in order to take advantage of the mental health court program, she is not entitled to the presumptive prejudice pursuant to *Doggett.* That delay is akin to a twelve-month continuance to complete her program to obtain the promised dismissal. Further, her motion to dismiss based on speedy trial grounds belies the fact that Appellant did not desire or pursue a trial in that she

3

affirmatively chose to participate in the mental health court program in order to be rehabilitated. Given that the actual delay attributable to the State is about four years that only weighs slightly against them, Appellant is clearly not entitled to presumptive *Doggett*-type prejudice and she has failed to show any actual prejudice resulted from the delay, I would affirm.

YVONNE T. RODRIGUEZ, Justice

November 20, 2018